MARSTON v. LORD & a.

An advancement is a completed gift; and one who has received in that way more than his distributive share of the estate would amount to by law is not required to refund the excess in order to equalize the distribution.

PETITION FOR PARTITION. The defendants are the widow and heirs-at-law of Oliver H. Lord, who died intestate May 13, 1883. In his lifetime Oliver H. Lord made advancements to three of his children, and among them was an advancement to the defendant, George B. Lord, of $16,500. The real estate was not of sufficient value so that upon partition of the same the plaintiff would receive so much as $16,500. The plaintiff at the trial moved that George B. Lord be required to contribute a portion of said $16,500 advanced to him, in order that the plaintiff may receive her equal share with the other children. The court denied the motion, and the plaintiff filed this bill of exceptions.

*R. G. Pike* and *J. S. H. Frink*, for the plaintiff.

*Chase & Streeter*, for the defendants.

ALLEN, J.    No question of jurisdiction is presented.  *Locke* v. *Hancock*, 59 N. H. 85.    The amounts of the advancements have been determined or agreed upon, and the plaintiff, in the division of the land among the heirs of the decedent who have received no advancements, or less than their equal shares of the whole estate with the advancements added, seeks to compel George B. Lord, one of the heirs whose advancement exceeded his equal and just share of the whole, to contribute sufficient to make all shares absolutely equal.

The statute of distribution (G. L., c. 203, *ss.* 9, 10) provides that an advancement made to an heir in the lifetime of the deceased shall, in the distribution of the estate, be "accounted, according to its value, as part or whole of the share of such heir," and "may be taken into consideration in the division of the real estate." But it is not in terms provided that equalization shall go so far as to compel the repayment by an heir of any part of an advancement.    The advancement is a completed gift by the ancestor, to be accounted by the recipient as his share or part of his share in distribution (*Fellows* v. *Little*, 46 N. H. 27), and is no part of the ancestor's estate at his death.    It is not a loan to be repaid to the ancestor or to his representative after death.    It is not a legacy paid in advance, and, in the absence of express conditions annexed to the advancement, it cannot be understood that repayment was intended by the parties, nor, in the absence of express provisions in the statute to that effect, can it be inferred that the legislature intended the advancement should be paid into the estate, and considered as a part of the assets in distribution.    *Chase* v. *Lockerman*, 11 G. & J. 185; *Black* v. *Whitall*, 9 N. J. Eq. 572.    The heir who has received an advancement, in accounting for it according to its value, as a part or the whole of his share, receives so much less of the residuum of the estate than he otherwise would.    It is deducted from his share of what estate is found at the ancestor's death.    If, as in this case, the advancement exceeds what his share otherwise would be, he accounts for it as "the whole" of his share (*Fellows* v. *Little, supra, Dixon* v. *Marston*, 64 N. H. 433, 436), but is not called upon to contribute something as a gift to make the other shares equal to the remainder of his advancement.

The application of specific devises and legacies to the payment of the testator's debts and other necessary charges against his estate (G. L., c. 203, *ss.* 13, 14) does not include the recalling of advancements for such a purpose.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.